GLEN VIEW DEVELOPMENT COMPANY, A NEW JERSEY
CORPORATION, PLAINTIFF-APPELLANT, v. PUBLIC
SERVICE ELECTRIC & GAS COMPANY, A NEW JERSEY
CORPORATION, DEFENDANT-RESPONDENT.

Argued October 13, 1970—Decided December 21, 1970.

*Mr. Alexander Feinberg* argued the cause for appellant (*Messrs. Evoy and Feinberg,* attorneys).

*Mr. John F. McDonald* argued the cause for respondent

*Mr. William Gural,* Deputy Attorney General, argued the cause for the Board of Public Utility Commissioners (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

Per Curiam. The Township of Moorestown adopted an ordinance requiring electric lines in new developments to be

placed underground. Plaintiff, a developer, called upon the defendant utility for this electrical service. Defendant was willing to provide it if plaintiff absorbed the added cost of underground construction over equivalent overhead construction. Plaintiff would not agree. To avoid delay in its project, plaintiff, under protest, deposited the sum in question with defendant, and then brought this action to have it declared that the local ordinance bound defendant to meet the total cost of the installation.

On cross-motions for judgment, the trial court found for defendant. On appeal, the Appellate Division held that the ordinance did not bear upon the respective obligations of the litigants, and further that the question whether, apart from the ordinance, defendant had to furnish the service without any contribution by plaintiff was within the jurisdiction of the Public Utility Commission. The Appellate Division accordingly affirmed the judgment but "without prejudice to any remedy plaintiff may still possess" before that Commission. We granted plaintiff's petition for certification. 55 *N. J.* 594 (1970).

■■ We agree the local ordinance does not purport to say who as between plaintiff and defendant shall pay the cost of installation, in whole or in part. The municipality was interested only in the tangible result. Nor does any statute empower local government to say which of the parties shall pay. The statutes requiring municipal consent for the use of its streets by utilities, *N. J. S. A.* 48:7-1, 2 and 3.1, do not authorize local government to legislate upon that subject. *Port of New York Authority v. Hackensack Water Co.,* 41 *N. J.* 90 (1963), is not to the contrary. That case dealt with the power of government to require a public utility to move, at the utility's cost, the facilities the utility had placed within the public's right-of-way, in order to permit government to make further use of the public right-of-way. The case did not touch the duty of a public utility to serve a consumer or the terms upon which the consumer must be served.

■ We also agree with the Appellate Division that the issue is within the jurisdiction of the Public Utility Commission. Plaintiff was entitled to apply to the Commission for the extension of service under *N. J. S. A.* 48:2–27, and there to litigate the dollar controversy. *Woodside Homes, Inc. v. Morristown,* 26 *N. J.* 529, 539–540 (1958) ; *Board of Fire Commissioners, etc. v. Elizabethtown Water Co.,* 27 *N. J.* 192, 200 (1958) ; *Petition of Highpoint Development Corp.,* 65 *N. J. Super.* 530, 534–535 (App. Div. 1961).

We add that we see no reason to bypass the agency. The issue has implications for all consumers. There is an evident need to provide a court with a full record and the expert view of the Commission upon that record. In this regard, we understand that defendant has itself designated "underground zones," apparently in highly urban areas, within which it places its lines underground, and we assume, without charge to the consumers in those zones. The basis and extent of that practice may bear upon the immediate controversy. It would be relevant to know whether underground installation conduces to safer or more dependable service or whether in some places such installations yield only localized aesthetic advantages. We have indicated an area of our interest without, however, intending to direct or limit the agency's inquiry.

■ The Appellate Division affirmed the judgment "without prejudice to any remedy plaintiff may still possess" before the Commission. We modify that judgment to make it clear that plaintiff is entitled to a full hearing there on the merits. It is evident that if plaintiff had proceeded initially before the Commission and awaited its decision, it would have been appreciably delayed in its building project. In such circumstances, it is appropriate to make the demanded deposit under protest, and then to apply promptly to the Commission for a decision. Plaintiff did not move promptly before the agency, but that failure is excusable because of then existing procedural doubts. Plain-

tiff may institute that proceeding within 30 days after the filing of this opinion. So modified, the judgment is affirmed.

*For affirmance as modified*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.